# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| CHRIS, NATHAN, and JOHN DOE, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CV419-189 |
| MCKESSON, INC., and DAVID CIFU, | ) ) ) | |
| Defendants. | ) | |

## ORDER

The parties in this case have filed multiple motions that are substantially and inextricably linked. The defendants moved for a hearing to establish a protocol and schedule to resolve those pending motions. *See* doc. 69. That hearing was held on February 4. 2022. *See* doc. 80 (Minute Entry). During that hearing, the parties all suggested that a stay of this case would be proper pending the ultimate disposition of defendants' dispositive motions. The schedule discussed below, including the stay, was agreed to by all parties at the hearing.

The United States Court of Appeals for the Eleventh Circuit has recognized that "[d]istrict courts have 'unquestionable' authority to control their own dockets." *Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014) (quoting *Canada v. Mathews*, 449 F.2d 253, 255 (5th Cir. 1971)). "This authority includes 'broad discretion in deciding how best to manage the cases before them.'" *Id.* (quoting *Chaudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997)). In cases where the resolution of dispositive motions may significantly affect the scope of subsequent discovery, the Court of Appeals has encouraged stays to eliminate legally unsupported claims. *See, e.g., Moore v.* Potter, 141 F. App'x 803, 807-08 (11th Cir. 2005) (quoting *Chaudasama*, 123 F.3d at 1368).

The Court will exercise its authority to streamline dispositions of the pending motions in this case. To that end, this case is **STAYED** pending disposition of the pending Motions to Dismiss, docs. 31, 35 & 44, as discussed more fully below. Parties are free to file any motion they deem appropriate during the pendency of the stay, but the stay shall apply to any opposing party's obligation under the Federal Rules of Civil Procedure or this Court's Local Rules to respond to that motion, unless

specifically directed by the Court. Accordingly, the pending Motion to Stay is **DISMISSED** as moot. Doc. 36. At the hearing, counsel for defendant McKesson agreed that the stay, including a stay of any party's obligation to respond to motions filed during its pendency, mooted the relief requested in its Motion for Protective Order. Accordingly, that motion is also **DISMISSED** as moot.[1] Doc. 64.

As discussed during the February 4 Status Conference, the Court will take up the pending motions in the following order. The Court will first address the United States' Motion to Substitute Party. Doc. 23. That motion has been fully briefed. *See* doc. 29 (Plaintiff's Response), doc. 48 (United States' reply). The Court will simultaneously address plaintiffs' motions related to service upon the United States. *See, e.g.,* 18. Those motions are also fully briefed. *See* doc. 24 (United States Response), doc. 30 (Plaintiff's Reply).

---

[1] Plaintiff's Motion for Appointment of Special Prosecutor relies, in part, on information included in McKesson's motion which plaintiff contends was improper. *See, e.g.,* doc. 67 at 2 (alleging that McKesson's counsel intentionally "disclos[ed] / misrepresent[ed] to the public the information pertaining to the Court Sealed documents, by willfully disregarding the Court's Order prohibiting public disclosure or misrepresentations of the protected information.") The dismissal of McKesson's motion does not affect the pendency of plaintiffs' motion. As discussed at the hearing, and as discussed below, the Court will take up plaintiffs' motion, along with the other non-dispositive motions pending, contemporaneously with the resolution of the pending dispositive motions.

Upon resolution of the motions related to the propriety of the United States' participation as a party defendant in this case, the Court will take up the pending motions to dismiss. *See* docs. 31, 35, & 44. Those motions are currently unopposed. *See generally* docket. At the hearing plaintiffs' counsel stated his contention that plaintiffs' obligation to respond to those motions was not ripe. The parties agreed that, upon disposition of the United States' Motion to Substitute, the Court would set a briefing schedule for plaintiffs' responses to the motions to dismiss and defendants' respective replies. As the Court indicated at the hearing, to the extent any defendant argues that plaintiffs' responses should be disregarded as untimely, they are free to raise that argument in their respective replies. The Court will take up plaintiffs' remaining non-dispositive motions, including their Motion for Extension of Time to File Class Certification, doc. 21, their Motion for Judicial Notice, doc. 59, their Motion for Costs, doc. 62, and their Motion for Special Prosecutor, doc. 67, contemporaneously with the motions to dismiss.

**SO ORDERED,** this 10th day of February, 2022.

*/s/ Christopher L. Ray*
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA